# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY M. BROWN,<br><br>Defendant. | No. CR09-4005-MWB<br><br>**ORDER CONCERNING DEFENDANT'S *PRO SE* MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

_____

This case is before the court on defendant Anthony Brown's *pro se* Motion To Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (docket no. 58). In his motion, Brown seeks to reduce his sentence pursuant to Amendments 706 and 711 of the sentencing guidelines. Amendment 706 revised the drug quantity table set forth in United States Sentencing Guideline § 2D1.1. *See United States v. Winston*, 611 F.3d 919, 920 (8th Cir. 2010).

On February 19, 2009, an Indictment was returned against Brown, charging him with conspiring to distribute 50 grams or more of crack cocaine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851, and distributing crack cocaine, having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. On November 24, 2009, Brown entered a plea of guilty to Count 1 of the Indictment. On March 18, 2010, Brown was sentenced to 328 months imprisonment and five years of supervised release.

Section 3582(c)(2) permits the court to reduce a defendant's previously imposed

sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." 18 U.S.C. § 3582(c)(2). In doing so, the court must consider the factors set out in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must demonstrate that the Sentencing Commission has lowered the applicable guideline sentencing range, and that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993). If the defendant cannot satisfy the first requirement, the court lacks jurisdiction to consider the reduction request. *See Auman*, 8 F.3d at 1271; *see also United States v. Lawrence,* 535 F.3d 631, 637-38 (7th Cir. 2008).

Here, the court concludes that it lacks jurisdiction over Brown's motion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Brown, however, was sentenced on March 18, 2010, after the amendments went into effect. Thus, Brown was not sentenced based on a range that has subsequently been lowered by the Sentencing Commission. Accordingly, Brown's motion is **dismissed for lack of jurisdiction**. Defendant Brown's pending *pro se* Request for Sentencing Reduction Pursuant to the 2011 Sentencing Guidelines (docket no. 61) will be the subject of a separate order.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2011.

                                                  MARK W. BENNETT
                                                  U. S. DISTRICT COURT JUDGE
                                                  NORTHERN DISTRICT OF IOWA